**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAMELA J. FOX, on behalf of herself and as next friend to C.M.R., a minor, | No. 14-17039 |
| Plaintiff-Appellant, | D.C. No. 1:11-cv-00520-AWI-SMS |
| v. | |
| COUNTY OF TULARE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted December 14, 2016
San Francisco, California

Before: GRABER and HURWITZ, Circuit Judges, and FOOTE,[**] District Judge.

Plaintiff Pamela Fox, on behalf of herself and her minor child C.M.R.,

appeals the district court's grant of summary judgment in favor of Tulare County

and various County employees – social workers, a former Sheriff's Deputy, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

County counsel – dismissing Fox's 42 U.S.C. §§ 1983 and 1985 claims. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court correctly ruled that there was no factual dispute about a state-created danger. The Fourteenth Amendment Due Process Clause guarantees a right to be free from a state-created danger, *see Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971–72 (9th Cir. 2011), but there is no evidence in the record that any Defendant exposed C.M.R. to a danger that she otherwise would not have faced.

2. The district court correctly ruled that there was no factual dispute related to a substantive due process right to care, custody, companionship, and management. Such a right is clearly established, *see Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27 (1981), but there is no evidence in the record that any Defendant interfered with the right either to custody or companionship.

3. The district court correctly concluded that there was no specific procedural due process right to access evidence. Without an established right, there can be no violation.

4. The district court correctly found that there was no evidence of a conspiracy to discriminate against Fox on the basis of her gender. Section 1985(2)

prohibits a conspiracy to deny equal protection of the laws, but there is no evidence in the record that any Defendant conspired to discriminate on the basis of gender.

5.     Finally, the County of Tulare is not liable for the actions of its employees. A municipality may be liable under § 1983 when an action taken pursuant to an official policy causes a constitutional harm. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). There is no evidence in the record establishing that the County maintained a policy or practice that harmed Fox or C.M.R., nor did Fox show that an official with final policy-making authority either caused the alleged harm or ratified a subordinate's action that caused the harm.

**AFFIRMED.**